IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO.: 7:16-CV-141

—————————————————————

721 BOURBON, INC.

           Plaintiff,

     vs.

BOURBON STREET, LLC, doing business
as BOURBON STREET WILMINGTON,
and individuals, NICOLE S. MCNEIL and
KEVIN CORBETT,

           Defendants.

—————————————————————

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**TRADEMARK COUNTERFEITING, TRADEMARK DILUTION,**
**UNFAIR COMPETITION AND BREACH OF CONTRACT**

Plaintiff 721 Bourbon, Inc. ("Tropical Isle"), doing business as Tropical Isle, submits this Complaint against Defendants Bourbon Street, LLC, doing business as Bourbon Street Wilmington, and individuals, Nicole S. McNeil, and Kevin Corbett (collectively, the "Defendants") and alleges as follows:

<u>NATURE OF ACTION</u>

1.      Tropical Isle is the owner and operator of several French Quarter-based Tropical Isle bars and nightclubs that for nearly three decades have sold the world-renowned GRENADE and HAND GRENADE specialty cocktails.

2.      Tropical Isle holds eight (8) valid federal trademark registrations for its family of GRENADE trademarks, including registrations for the marks GRENADE and HAND GRENADE covering prepared alcoholic cocktails.

3.     This action results from Defendants' repeated unauthorized and willful sale of counterfeit products that infringe Tropical Isle's family of GRENADE trademarks despite Defendants' agreement with Tropical Isle to cease all use of Tropical Isle's family of GRENADE trademarks.

4.     This action is for willful federal trademark infringement, federal trademark counterfeiting, federal trademark dilution, federal unfair competition, and unfair and deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1 *et seq.*

**THE PARTIES**

5.     Plaintiff 721 Bourbon, Inc. is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business located at 718 Orleans Avenue, New Orleans, Louisiana.  721 Bourbon, Inc. does business under the trade name "Tropical Isle." Tropical Isle owns eight (8) federal trademark registrations for its family of GRENADE marks.

6.     Defendant Bourbon Street, LLC, doing business as Bourbon Street Wilmington ("BSW") is, upon information and belief, a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business located in New Hanover County, North Carolina.

7.     Defendant Nicole S. McNeil ("Ms. McNeil"), based on information and belief, is a citizen and resident of Jefferson County, Louisiana.  Upon information and belief, Ms. McNeil owns, operates and has control over BSW.

8.     Defendant Kevin Corbett ("Mr. Corbett"), based on information and belief, is a citizen and resident of New Hanover County, North Carolina.  Upon information and belief, Mr. Corbett owns, operates and has control over BSW.

<u>**JURISDICTION AND VENUE**</u>

9.      This case involves trademark infringement under the Trademark Laws of the United States.

10.     This Court has subject matter jurisdiction over Tropical Isle's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), which grants this Court original jurisdiction pursuant to 15 U.S.C. § 1121(a) and §1125. The Court has supplemental jurisdiction over Tropical Isle's state law claims pursuant to 28 U.S.C. §§1338(b) and 1367.

11.     Defendants are subject to the personal jurisdiction of this Court because, among other things, Defendants have purposefully availed themselves of the benefits of doing business in the State of North Carolina by advertising, promoting, and selling goods to the residents of North Carolina and by causing injury to Tropical Isle within North Carolina.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), and (c)(2) because Defendants are subject to personal jurisdiction in this district, are residents of this district, and because a substantial part of the events giving rise to Tropical Isle's claims took place in this district.  Moreover, Defendants transact business in this district, have committed tortious acts in this district and have engaged in activities that subject them to the jurisdiction of this Court.

<u>**TROPICAL ISLE'S HAND GRENADE MARKS**</u>

13.     Tropical Isle operates restaurant, bar and nightclub services in the world-famous New Orleans French Quarter.  The business known as Tropical Isle originated during the 1984 Louisiana World Exposition.

14.     Tropical Isle owns several federal trademark registrations for its family of GRENADE Marks including but not limited to U.S. Reg. No. 2,273,105 for the mark

GRENADE ("GRENADE Mark") for "prepared alcoholic cocktails" (Incontestable under 15 U.S.C § 1065), U.S. Reg. No. 1,806,334 for the mark HAND GRENADE ("HAND GRENADE Mark") for "prepared alcoholic cocktails" (Incontestable under 15 U.S.C § 1065), U.S. Reg. No. 1,877,862 for the mark HAND GRENADE (Incontestable under 15 U.S.C § 1065), U.S. Reg. No. 2,635,498 for the mark HOME OF THE HAND GRENADE (Incontestable under 15 U.S.C § 1065), U.S. Reg. No. 4,419,090 for the mark SKINNY HAND GRENADE, U.S. Reg. No. 4,419,091 for the mark SKINNY GRENADE, U.S. Reg. No. 3,371,764 for the mark GRENADE ENERGY DRINK (Incontestable under 15 U.S.C § 1065), and U.S. Reg. No. 3,965,323 for Tropical Isle's HAND GRENADE cup design. (These marks shall be collectively referred to as "Tropical Isle's Family of GRENADE Marks"). Copies of the trademark registrations for Tropical Isle's Family of GRENADE Marks are attached hereto as Exhibit A.

15.     Throughout the United States, and in foreign countries, Tropical Isle is known for its unique specialty cocktails, served in souvenir cups, with associated toys and novelty items. These cocktails are in great demand among tourists visiting New Orleans, and mixes for preparing the cocktails are sold in interstate commerce by Tropical Isle for private home use, and use at private parties.  These cocktails are promoted regularly in publications with interstate and international circulation and have been featured on television networks, such as MTV, in movies, in magazines, and in various national and international newspapers. The cocktails are also promoted widely via the internet, including at Tropical Isle's website www.tropicalisle.com.

16.     Since at least as early as March 1987, Tropical Isle's Family of GRENADE Marks have been used continuously and in interstate commerce to identify Tropical Isle's specialty cocktail – known as New Orleans' Most Powerful Drink – and to distinguish it from the cocktails and beverages of others.  The reputation of Tropical Isle's GRENADE and HAND

GRENADE cocktails has grown continuously over the past nearly thirty (30) years, and since long before the Defendants' acts complained of herein, consumers have recognized the HAND GRENADE Mark, and the abbreviated mark, GRENADE Mark, as designating cocktails of the highest quality, known for their unique flavor, novel presentation, and high alcoholic content, that originates exclusively from Tropical Isle.

17.     Tropical Isle's establishments are known as the HOME OF THE HAND GRENADE and this designation appears on the exterior sign of Tropical Isle's business premises, as well as in advertising for Tropical Isle's goods and services.  Tropical Isle's Family of GRENADE Marks are inherently distinctive marks and are world-famous.

18.     The recipe for the HAND GRENADE cocktail is proprietary to Tropical Isle. Tropical Isle undertakes significant efforts, and expends considerable sums each year, to ensure that HAND GRENADE cocktails are not served, and cannot be purchased, at any commercial establishment that is not controlled by Tropical Isle.  Thus, consumers wanting to enjoy an authentic HAND GRENADE cocktail may do so only at a Tropical Isle establishment.

19.     Since Tropical Isle began using Tropical Isle's Family of GRENADE Marks, substantial time, money and labor have been devoted to the development, enhancement, expansion, advertisement, promotion and marketing of product lines incorporating Tropical Isle's Family of GRENADE Marks.  Currently, those product lines include not only the authentic HAND GRENADE and GRENADE cocktails, but also non-alcoholic mixes for preparing the cocktails for private use, private label liquors, novelty items such as "party packs," cups and beverage containers, t-shirts, caps, visors, bandanas, Mardi Gras beads, lighters, bumper stickers, condoms, stuffed toys, energy drinks, martini glasses, pens, bottled water, magnets, plastic grenades, ponchos, koozies, nuts, and shopping bags, all bearing a mark from Tropical Isle's

Family of GRENADE Marks. As a result of these efforts, the extensive goodwill built up by Tropical Isle, and the high quality of products manufactured under the marks, Tropical Isle's annual sales of products incorporating marks from Tropical Isle's Family of Marks exceed millions of dollars.

20.     Tropical Isle's federal trademark registrations for Tropical Isle's Family of GRENADE Marks are valid, subsisting and remain in full force and effect, and evidence Tropical Isle's exclusive right to use Tropical Isle's Family of GRENADE Marks in connection with the goods identified in the registrations. Additionally, a number of Tropical Isle's federal trademark registrations have become incontestable. Tropical Isle has the right to sue for and recover damages for infringement of Tropical Isle's Family of GRENADE Marks.

21.     At no time has Tropical Isle licensed or otherwise authorized Defendants to use any of Tropical Isle's trademarks.

<u>**DEFENDANTS' INFRINGING CONDUCT**</u>

22.     Defendants own and operate a restaurant in Wilmington, North Carolina, known as Bourbon Street Wilmington which promotes itself as a New Orleans French Quarter style restaurant. Defendants' menu is replete with food and beverages that are native to New Orleans.

23.     BSW has sold, offered for sale, marketed and advertised alcoholic cocktails falsely designated as "Hand Grenade" and "Grenade", both of which infringe one or more of Tropical Isle's Family of GRENADE Marks. Customers are likely to be confused that the alcoholic cocktails offered for sale, sold and marketed by BSW as "Hand Grenade" and "Grenade" are somehow affiliated with, approved or sponsored by Tropical Isle.

24.     Defendants Ms. McNeil and Mr. Corbett are the founders of defendant BSW. Ms. McNeil and Mr. Corbett are responsible for overseeing the marketing of BSW's goods and

services, including the company's promotion of the infringing goods. Ms. McNeil and Mr. Corbett were personally involved in the decision to offer for sale the infringing goods and participate in the development of BSW's promotional materials, including menus and online materials. Ms. McNeil and Mr. Corbett approved and authorized BSW's infringing actions and are the principal, driving forces behind the infringement.

25.     Tropical Isle discovered in the summer of 2013 that BSW was selling counterfeit cocktails falsely designated as "Hand Grenade" cocktails, BSW went to great lengths to deceive customers into believing that BSW's cocktails were authentic.

26.     First, BSW purchased directly from Tropical Isle's online store large quantities of Tropical Isle's Hand Grenade mix and Tropical Isle's Hand Grenade Yard Cups.

27.     Second, BSW used Tropical Isle's Hand Grenade mix and Tropical Isle's Hand Grenade Yard Cups to sell drinks named Hand Grenade in its restaurant and bar.

28.     Tropical Isle absolutely prohibits resale of its Hand Grenade and Grenade products and notifies online purchasers of its trademark rights and that no business or individual other than those owned by Tropical Isle may sell an alcoholic or non-alcoholic cocktail using the designations "Hand Grenade" or "Grenade." All shipments of Tropical Isle's products contain a pamphlet that clearly sets forth Tropical Isle's exclusive trademark rights and that it is illegal for any bar or restaurant to sell an alcoholic or non-alcoholic cocktail using the designations "Hand Grenade" or "Grenade."

29.     Despite having actual and constructive notice of Tropical Isle's Family of GRENADE Marks from Tropical Isle's warning on its website and the notification pamphlet included with every shipment of Tropical Isle's products, Defendants completely disregarded the

warnings and intentionally and willfully used the designation "Hand Grenade" and "Grenade" to sell alcoholic cocktails in their restaurant and bar.

30.     Tropical Isle mailed to BSW a letter on August 23, 2013, asserting Tropical Isle's exclusive rights to use Tropical Isle's Family of Grenade Marks and demanding that (a) BSW cease and desist from using "Grenade" or "Hand Grenade" in sales of alcoholic drinks, (b) BSW enter into an agreement to cease its infringing conduct, and (c) BSW remit to Tropical Isle all revenues received by BSW as a result of the infringement.   A copy of said letter is attached hereto as Exhibit B.

31.     On September 13, 2013, BSW executed a written agreement (herein the "Settlement Agreement"). Pursuant to the Settlement Agreement, BSW agreed to cease and desist from all uses of Tropical Isle's GRENADE Mark and HAND GRENADE Mark in BSW's business operations. BSW also agreed to pay – and did pay – Tropical Isle all revenues earned from its infringing sales. A copy of the Settlement Agreement is attached hereto as Exhibit C.

32.     Notwithstanding the Settlement Agreement, Tropical Isle recently discovered that BSW is selling an alcoholic drink falsely designated as "Grenade."

33.     BSW's use of term "Grenade" to sell alcoholic drinks infringes upon Tropical Isle's Family of GRENADE Marks and BSW's use of the term "Grenade" also breaches the Settlement Agreement.

34.     BSW has willfully infringed Tropical Isle's Family of GRENADE Marks and, despite executing the Settlement Agreement continues to willfully trade off the goodwill and reputation developed in Tropical Isle's Family of GRENADE Marks.

35.     Defendants' alcoholic cocktails, sold and marketed using the "Grenade" designation, are counterfeit imitations of Tropical Isle's flagship cocktail and are passed-off as authentic GRENADE cocktails.

36.     BSW and Tropical Isle are competitors selling alcoholic and non-alcoholic drinks in interstate commerce.

37.     BSW's infringing conduct is depriving Tropical Isle of the absolute right to control the quality of Tropical Isle's Family of GRENADE Marks.  Tropical Isle has spent many years building up enormous goodwill and value associated with Tropical Isle's Family of GRENADE Marks which BSW is now jeopardizing.  Tropical Isle cannot control this goodwill while BSW continues infringing upon Tropical Isle's Family of GRENADE Marks.

38.     In addition, BSW's infringement is damaging Tropical Isle's reputation.  BSW's blatant infringing conduct conveys to the public and to the marketplace that Tropical Isle's intellectual property can be taken advantage of and that its valuable brand can be used in a manner that is detrimental to its business.  This damage to Tropical Isle's reputation will not only affect Tropical Isle's Family of GRENADE Marks but will affect Tropical Isle's business in whole.

39.     Tropical Isle has been and will continue to be damaged by BSW activities in an amount which can only be determined by through an accounting.

<u>COUNT I</u>
**FEDERAL TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT, 15 U.S.C. § 1114(1)
(AGAINST ALL DEFENDANTS)**

40.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 39, as though fully set forth herein.

41.     In Tropical Isle's first ground for relief, Tropical Isle alleges violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

42.     Tropical Isle's Family of GRENADE Marks and the individual marks in its Family are valid trademarks, identifying the source of goods and services provided by Tropical Isle under its Family of GRENADE Marks and the individual marks in its Family. Tropical Isle is the senior user of the GRENADE Marks in connection with the goods at issue in this lawsuit.

43.     Tropical Isle's Family of GRENADE Marks are valid trademarks, identifying the source of goods and services provided by Tropical Isle under its Family of GRENADE Marks. Tropical Isle is the senior user of its Family of GRENADE Marks in connection with the goods at issue in this lawsuit.

44.     Prior to using GRENADE and HAND GRENADE in commerce, Defendants had constructive and actual notice of Tropical Isle's Family of GRENADE Marks.

45.     Defendants unauthorized and infringing use of Tropical Isle's Family of GRENADE Marks is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' goods by Tropical Isle. The consuming public and the bar and restaurant trade are likely to believe that Defendants' goods originate with Tropical Isle, are licensed, sponsored or approved by Tropical Isle, or in some way are connected with or related to Tropical Isle.

46.     Ms. McNeil and Mr. Corbett are individually and personally liable for BSW's trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.     Ms. McNeil and Mr. Corbett are a moving, active, conscious force behind BSW's infringement and wield discretionary authority within BSW by virtue of being members, officers, or managers with substantial decision making power.

48. Defendants' unauthorized and infringing use of Tropical Isle's Family of GRENADE Marks in interstate commerce, constitutes intentional and willful infringement of Tropical Isle's rights in and of its federally registered Family of GRENADE Marks, individual marks in its family, and, specifically, its GRENADE Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

49. These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

50. By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

51. In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

**COUNT II**
**FEDERAL TRADEMARK COUNTERFEITING**
**15 U.S.C. §1114**
**(AGAINST ALL DEFENDANTS)**

52. Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 51, as though fully set forth herein.

53. As the second ground for relief, Tropical Isle alleges violation of 15 U.S.C. §1114.

54. Tropical Isle's Family of GRENADE Marks and the individual marks in its Family are valid trademarks, identifying the source of goods and services provided by Tropical

Isle under its Family of GRENADE Marks and the individual marks in its Family. Tropical Isle is the senior user of its Family of GRENADE Marks in connection with the goods at issue in this lawsuit.

55.     Prior to using GRENADE and HAND GRENADE in commerce, Defendants had constructive and actual notice of Tropical Isle's Family of GRENADE Marks.

56.     Without Tropical Isle's authorization or consent, Defendants use designations identical or substantially indistinguishable from Tropical Isle's Family of GRENADE Marks to offer and advertise goods and products identical to those offered for sale by Tropical Isle. As a result, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. §1114.

57.     Defendants' use of designations identical or substantially indistinguishable from Tropical Isle's Family of GRENADE Marks in connection with identical goods is likely to cause and is causing confusion, mistake and deception among consumers as to the origin of Defendants' goods, and is likely to deceive the public into believing the goods being offered and sold by Defendants originate from, are associated with, or are otherwise authorized by Tropical Isle, all to the damage and detriment of Tropical Isle's reputation and goodwill.

58.     Ms. McNeil and Mr. Corbett are individually and personally liable for BSW's trademark counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

59.     Ms. McNeil and Mr. Corbett are a moving, active, conscious force behind BSW's trademark counterfeiting and wield discretionary authority within BSW by virtue of being members, officers, or managers with substantial decision making power.

60.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

61.     By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

62.     In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

**C<small>OUNT</small> III**
**F<small>EDERAL</small> T<small>RADEMARK</small> D<small>ILUTION</small>**
**15 U.S.C. §1125(<small>C</small>)**
**(A<small>GAINST</small> A<small>LL</small> D<small>EFENDANTS</small>)**

63.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 62, as though fully set forth herein.

64.     As the third ground for relief, Tropical Isle alleges violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

65.     As a result of the duration, extent, and geographic reach of Tropical Isle's use of Tropical Isle's Family of GRENADE Marks and the publicity and advertising and publicity associated with the Tropical Isle's Family of GRENADE Marks, Tropical Isle's Family of GRENADE Marks have achieved an extensive degree of distinctiveness and are famous marks under the Lanham Act, 15 U.S.C. §1125(c). Tropical Isle's Family of GRENADE Marks is widely recognized by the consuming public as a designation of source of Tropical Isle's goods.

66.     Defendants began using the designation identical or substantially indistinguishable to Tropical Isle's Family of GRENADE Marks in interstate commerce in connection with Defendants' goods and services long after Tropical Isle's Family of GRENADE Marks became famous and distinctive.

67. Defendants' use of the designation identical or substantially indistinguishable to Tropical Isle's Family of GRENADE Marks dilutes, or is likely to dilute, by blurring the distinctive quality of Tropical Isle's famous Family of GRENADE Marks and by tarnishing the reputation of Tropical Isle and Tropical Isle's Family of GRENADE Marks under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

68. Ms. McNeil and Mr. Corbett are individually and personally liable for BSW's trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

69. Ms. McNeil and Mr. Corbett are a moving, active, conscious force behind BSW's trademark dilution and wield discretionary authority within BSW by virtue of being members, officers, or managers with substantial decision making power.

70. These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

71. By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

72. In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## COUNT IV
### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. §1125(A)
### (AGAINST ALL DEFENDANTS)

73. Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 72, as

though fully set forth herein.

74.     As the fourth ground for relief, Tropical Isle alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

75.     Defendants' unauthorized use of Tropical Isle's Family of GRENADE Marks, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes and represents the origin of Defendants' services as originating from or being connected with Tropical Isle, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection or association with Tropical Isle, or as to the origin, sponsorship or approval of Defendants' services by Tropical Isle in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

76.     Ms. McNeil and Mr. Corbett are individually and personally liable for BSW's unfair competition in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(a).

77.     Ms. McNeil and Mr. Corbett are a moving, active, conscious force behind BSW's unfair competition and wield discretionary authority within BSW by virtue of being members, officers, or managers with substantial decision making power.

78.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

79.     By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

80. In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

**COUNT V**
**NORTH CAROLINA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**
**N.C. GEN. STAT. § 75-1.1,** *et seq.*
**(AGAINST ALL DEFENDANTS)**

81. Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 80, as though fully set forth herein.

82. As the fifth ground for relief, Tropical Isle alleges BSW violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*

83. The statements, actions, and inactions of BSW in using Tropical Isle's Family of GRENADE Marks, as more fully described herein, constitute unfair and deceptive trade practices which were in and affect commerce, and which offend public policy, and are immoral, unethical, oppressive, unscrupulous, and substantially injurious.

84. The statements, actions, and inactions of BSW violated the prohibition against unfair and deceptive trade practices found in N.C. Gen. Stat. § 75-1.1, *et seq.*

85. BSW's unauthorized use of Tropical Isle's Family of GRENADE Marks, as alleged herein, has caused, and is likely to cause in the future, a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation or connection of BSW's and Tropical Isle's businesses, inasmuch as it gives rise to the incorrect belief that BSW's businesses have some connection with Tropical Isle. These acts constitute deceptive trade practices in the course of BSW's businesses in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*

86.     Ms. McNeil and Mr. Corbett are individually and personally liable for BSW's violations of the prohibition against unfair and deceptive trade practices found in N.C. Gen. Stat. § 75-1.1, *et seq.*.

87.     Ms. McNeil and Mr. Corbett are a moving, active, conscious force behind BSW's unfair competition and wield discretionary authority within BSW by virtue of being members, officers, or managers with substantial decision making power.

88.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

89.     By reason of BSW's conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless BSW is enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

90.     In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including statutory damages, treble damages, and attorney's fees in an amount to be determined at trial.  Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## COUNT VI
### NORTH CAROLINA COMMON LAW TRADEMARK INFRINGEMENT
### (AGAINST ALL DEFENDANTS)

91.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 90, as though fully set forth herein.

92.     As the sixth ground for relief, Tropical Isle alleges trademark infringement under North Carolina common law.

93.     The acts of BSW constitute trademark infringement under the law of the State of North Carolina.

94.     Upon information and belief, BSW has acted willfully, and with the intention and the likely result of confusing, misleading, and deceiving consumers.

95.     The acts of BSW constitute willful infringement of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark.

96.     Ms. McNeil and Mr. Corbett are individually and personally liable for BSW's common law trademark infringement.

97.     Ms. McNeil and Mr. Corbett are a moving, active, conscious force behind BSW's unfair competition and wield discretionary authority within BSW by virtue of being members, officers, or managers with substantial decision making power.

98.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

99.     By reason of BSW's conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless BSW is enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

100.    In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including statutory damages, treble damages, and attorney's fees in an amount to be determined at trial.  Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## COUNT VII
## BREACH OF CONTRACT
## (AGAINST BSW)

101.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 100, as though fully set forth herein.

102.     As the seventh ground for relief, Tropical Isle alleges breach of contract.

103.     On September 13, 2013, BSW entered into the Agreement promising to cease and desist from using Tropical Isle's Family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark.

104.     In consideration, Tropical Isle agreed to not take legal action against BSW.

105.     BSW deliberately breached the Agreement and used Tropical Isle's Family of GRENADE Marks in commerce without authorization from Tropical Isle.

106.     The Agreement contained a clause in which BSW agreed that if it was found to have breached the Agreement, it will pay all costs incurred by Tropical Isle in enforcing the Agreement, including reasonable attorney's fees.

107.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

108.     By reason of BSW's conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless BSW is enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

109.     In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including statutory damages, treble damages, and attorney's fees in an

amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## PRAYER FOR RELIEF

Tropical Isle respectfully prays that this Court enter a judgment and order against Defendants Bourbon Street, LLC, Nicole S. McNeil, and Kevin Corbett as follows:

1.      Bourbon Street, LLC, Nicole S. McNeil, and Kevin Corbett willfully violated Sections 32, 43(a), and 43(c) of the Lanham Act;

2.      Bourbon Street, LLC, Nicole S. McNeil, and Kevin Corbett committed acts of unfair and deceptive business and trade practices under North Carolina statutory law, N.C. Gen. Stat. § 75-1.1;

3.      Defendants and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, shall be preliminarily and permanently enjoined and restrained from:

   a. Using Tropical Isle's Family of GRENADE Marks or any reproduction, counterfeit, copy, or colorable imitation thereof in any manner in connection with the sale, offering for sale, distribution, or advertising of any goods or services that are not authorized by Tropical Isle;

   b. Using any name, designation, or mark that wholly incorporates Tropical Isle's Family of GRENADE Marks or is confusingly similar to, including but not limited to any reproduction, counterfeit, copy or a colorable imitation of Tropical Isle's Family of GRENADE Marks;

   c. Doing any other act or thing likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with

Tropical Isle or its services;

d.  Injuring Tropical Isle's business reputation and the goodwill associated with Tropical Isle's Family of GRENADE Marks and from otherwise unfairly competing with Tropical Isle in any manner whatsoever;

e.  Passing off Defendants' goods or services as those of Tropical Isle; and

f.  Committing any acts which will dilute, blur or tarnish, or are likely to dilute, blur or tarnish, the distinctive quality of the Tropical Isle's famous Family of GRENADE Marks.

4.  Pursuant to 15 U.S.C. §1118, Defendants be required to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in the custody or under the control of Defendants that bear any Tropical Isle's Family of GRENADE Marks or any other mark that is likely to be confused with Tropical Isle's Family of GRENADE Marks;

5.  Because of Defendants' willful actions and pursuant to 15 U.S.C. §1117, Tropical Isle be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

a.  all profits received by Defendants from sales and revenue of any kind made as a result of their actions, and all damages sustained by Tropical Isle as a result of Defendants' actions, and that such profits and damages be trebled;

b.  or, if Tropical Isle so elects, an award for statutory damages pursuant to 15 U.S.C. §1117(c)(2) consisting of $2,000,000 per counterfeit mark, per type of goods or services sold, offered for sale or distributed; and,

c.  the cost of this action.

6.     Pursuant to 15 U.S.C. §1116, Defendants be directed to file with the Court and serve on Tropical Isle within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

7.     Because of trademark counterfeiting and the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, this court award to Tropical Isle all reasonable attorneys' fees, costs, and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. §§1117(a) and (b) and N.C. Gen. Stat. §§ 75-16 and 75-16.1 and as required by Defendants' breach of the Agreement; and

8.     That Tropical Isle shall have such other and further relief as this Court may deem just and proper against such Defendants.

Respectfully submitted this the 10th day of June, 2016.

**SHIPMAN & WRIGHT, LLP**
*Attorneys for Plaintiff*

By:    /s/Gary K. Shipman           
          **GARY K. SHIPMAN**
          N.C. State Bar No.: 9464
          gshipman@shipmanlaw.com
          575 Military Cutoff Road, Suite 106
          Wilmington, NC  28405
          Tel.: (910) 762-1990
          Fax: (910) 762-6752